US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAY - 8 2019
DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CINDY KENNALY     PLAINTIFF

v.     CASE NO. 3:18-cv-3078

DOLGENCORP, LLC d/b/a
DOLLAR GENERAL; and
JOHN DOES A through Z     DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant Dolgencorp, LLC d/b/a Dollar General's ("Dollar General") motion for summary judgment (Doc. 16).[1] Plaintiff Cindy Kennaly has filed a response in opposition (Doc. 19). No reply was filed. For the reasons that follow, Dollar General's motion is **DENIED**.

### I. BACKGROUND

On July 11, Ms. Kennaly went to the Dollar General store in Marshall, Arkansas, to shop. Upon entering the store, she picked up a shopping basket and turned into an aisle on her left to shop for backpacks. After leaving the backpack aisle, she walked toward the front of the store and then entered the shoe aisle where she proceeded to look at items on the shelves. She then set her shopping basket down and began to look at sandals on a particular shelf. After she finished looking at the sandals, she backed up

---

[1] The Complaint (Doc. 3) also named as defendants John Does A through Z (employees of Dollar General). Plaintiff never moved to substitute the correct parties for these John Doe placeholders. As such, Dollar General has also requested that these defendants be dismissed from the action. Plaintiff's response contends that Plaintiff intended to dismiss them from the action regardless and therefore would have no objection to their dismissal at this time. *See* Doc. 19, p. 2. As such, John Does A through Z are hereby **DISMISSED** from this lawsuit, and the Clerk is **DIRECTED** to update the style and caption of this case accordingly.

1

(while still looking toward the merchandise on the shelf) and walked down the aisle, where she tripped over a sock display that was in the aisle.

Plaintiff filed her complaint in the Circuit Court of Searcy County in June of 2018 asserting that Dollar General was negligent by, *inter alia*, placing a tripping hazard in the aisle of its store, failing to detect and remove such a hazard within a reasonable time, failing to properly maintain the premises in a safe condition, and failing to warn its customers of the unsafe condition of the aisle. Defendants subsequently removed the case to this Court, invoking the Court's diversity jurisdiction. After discovery ended, Dollar General filed the present motion for summary judgment.

## II. LEGAL STANDARD

The legal standard for summary judgment is well established. Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must review the facts in the light most favorable to the party opposing the motion and give that party the benefit of any inferences that can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1997). The moving party bears the burden of proving the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Murchison v. Rogers*, 779 F.3d 882, 887 (8th Cir. 2015); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

## III. DISCUSSION

Dollar General's motion is entirely predicated on the argument that any duty it would otherwise have owed to Plaintiff was eliminated by the fact that the dangerous

2

condition (here, the sock display on the floor) was open and obvious. Under governing Arkansas law, "[a] property owner has a general duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of invitees." *Black v. Wal-Mart Stores, Inc.*, 316 Ark. 418, 419 (1994). An exception to this general rule exists, however, for open and obvious dangers. Under the obvious danger rule, "any duty owed by an owner or occupier of land to a business invitee ends if the plaintiff knows of the danger." *Jenkins v. Int'l Paper Co.*, 318 Ark. 663, 670 (1994). A few definitions are in order before moving to the analysis of whether this condition was an open and obvious danger. As Arkansas courts have held, a dangerous condition is obvious "when both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Van DeVeer v. RTJ, Inc.*, 101 S.W. 3d 881, 885 (Ark. Ct. App. 2003). Moreover, before the obvious danger rule applies, the danger must also be known to the plaintiff, which means "not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves." *Id.* In other words, before a landowner's duty is extinguished, "the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated." *Id.*

Dollar General argues that Plaintiff's deposition testimony and the surveillance footage from the store establish that Plaintiff knew about the presence of the sock display when she was shopping. Therefore, it argues, the display was an open and obvious danger and any duty it would otherwise have owed to her ended. The Court does not

agree, especially when it considers—as it must on a motion for summary judgment—the evidence in the light most favorable to Plaintiff.

Dollar General is certainly correct that courts have granted summary judgment in these types of cases where plaintiffs were aware of the danger that allegedly caused the injury. *See, e.g., Jenkins*, 318 Ark. at 671 ("There is no question in the instant case that Roy Jenkins knew of the slippery substance on the premises. He admits it, and that admitted fact brings into play the obvious danger rule."). But, despite its best arguments to the contrary, Dollar General has not demonstrated that Plaintiff was aware of the sock display before she tripped and fell over it. In fact, Plaintiff's testimony at her deposition is that she simply cannot recall whether she saw the sock display when she entered the aisle or as she was shopping. In fact, in three separate portions of her deposition, she expressly declined to state that she saw the sock display:

> Q: All right. And so you, in fact, saw the sock display as you walked into the aisle, correct?
>
> A: I'm not sure if I saw it when I walked in or not.

(Doc. 17-1, p. 5).

> Q: Sure. Based upon what you now know, including looking at the video, and describing to me how you fell, can you say, Ms. Kennaly, that you must have walked past the sock display as you were shopping on the rack from sandals to purses?
>
> A: I don't know. I don't know because I wasn't—I was looking up there. I wasn't looking at—at anything on the other aisle, I mean, on the other side.

*Id.* at p.6.

> Q: Okay, if you had seen the sock display, could you have avoided it?
>
> A: If I would have seen it?
>
> Q: Yes, ma'am.

4

> A: I would have definitely avoided it.

*Id.* This deposition testimony does not remotely come close to establishing Plaintiff's awareness of the allegedly dangerous condition. Neither do the screenshots from the surveillance footage.[2] While the footage clearly shows the display in the aisle where Plaintiff is walking, the Court does not agree with Dollar General that any of the screenshots show that Plaintiff observed the sock display in the aisle or actively walked around it as she was walking down the aisle. Thus, because a reasonable jury could find that Plaintiff was not aware of the sock display, the Court cannot find as a matter of law that the sock display was an open and obvious danger sufficient to eliminate Dollar General's duty to Plaintiff. Therefore, Dollar General's motion for summary judgment is denied.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Dollar General's motion for summary judgment (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that John Does A through Z are **DISMISSED** from this action, and the Clerk is **DIRECTED** to update the style and caption of this case accordingly.

**IT IS SO ORDERED** on this 8th day of May, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] The Court was not provided with the video surveillance. It therefore has to rely on the isolated screenshots provided in the parties' briefing.